# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LLOYD DEWAYNE BOWYER,        )
                            )
       Plaintiff,          )
                            )
v.                        )          MC420-001
                            )
LETICI M. ARRAZOLA-KINSLOW,  )
                            )
       Defendant.      )

## REPORT AND RECOMMENDATION

Before the Court is defendant's[1] Emergency Motion for Issuance of a Subpoena.  Doc. 2.  For the following reasons, the Court recommends the dismissal of the action.  If defendant seeks to object to this Report and Recommendation (as is her right) she is **DIRECTED** to show cause why she should not face sanctions for her failure to communicate candidly with the Court as well as provide full briefing on why the Court should not decline to exert jurisdiction over this case on abstention grounds.

## BACKGROUND

On April 6, 2020, defendant Arrazola-Kinslow (who is also a defendant in an underlying state-court civil suit) filed an "EMERGENCY MOTION FOR

---

[1] The Court has maintained the case caption of the underlying state court action in order to avoid confusion and inconsistencies.

ISSUANCE OF SUBPOENA." Doc. 2. In that motion,[2] defendant noted that there was a pending "parallel action" in the State Court of Chatham County. *Id.* Arrazola-Kinslow explained that plaintiff Bowyer had filed the underlying suit to recover for injuries which resulted from a car accident. *Id.* at 1. Arrazola-Kinslow asserts that she believes that the injuries Bowyer alleges were reported on an application for Social Security Disability prior to the accident. *Id.* As a result, she seeks to acquire the Social Security Administration records which, presumably, contain information that might be useful in defending against the underlying suit. *Id.* Arrazola-Kinslow also explained that Bowyer refused to sign an authorization "and Chatham County State Court Judge Gregory Fowler denied Ms. Arrazola-Kinslow's Motion to Compel Mr. Bowyer to produce the records." *Id.* at 1-2. Arrazola-Kinslow then goes on to explain that there is a United States Code section which allows individuals to seek Social Security records via an application to a federal court. *Id.* at 2-3. Ultimately,

---

[2] Defendant also simultaneously filed a "Letter" to the Court. Doc. 1. To the extent defendant sought this letter to constitute an explanation for their filing, the Court disregards that letter, as it must also disregard plaintiff's letter, doc. 4. As this Court has repeatedly said (typically to prisoners and parties proceeding *pro se*, but with no less validity when parties are represented by attorneys who regularly practice in this Court), this Court is a motions court. Letters to the Court are acceptable only in a limited set of circumstances, and never as an alternative to request court action.

Arrazola-Kinslow filed the instant application in this Court reciting the facts detailed above.

Plaintiff Bowyer, however, provides certain additional details which defendant neglected to include. Doc. 6. He explains that on November 17, 2019 Arrazola-Kinslow moved the state court to compel plaintiff to execute a release. *Id.* at 1. Plaintiff notes that defendant claimed in state court that she had "sought social security records within the discovery period, [and] that plaintiff [Bowyer] had not produced those records and defendant [Arrazola-Kinslow] was merely seeking to have the discovery request supplemented." *Id.* at 1. According to Bowyer, the state court ruled against defendant. *Id.* at 1-2. To this point our parties' stories have remained the same. But as been said before: "hitherto shalt thou come, but no further." *Job* 38:11 (King James).

Apparently, following this denial, defendant sought reconsideration from the state court judge. *Id.* at 2. The judge denied reconsideration specifically finding "that the Defendant [Arrazola-Kinslow] *did not request* production of Plaintiff's social security application in discovery." *Id.* (emphasis added). Arrazola-Kinslow requested a certificate of immediate review, which was denied. *Id.* The details of the underlying state litigation matter here because they implicate the accuracy of Arrazola-Kinslow's factual presentation in her request for the subpoena. Specifically, she asserts that the information she

3

seeks is "unavailable." *Id.*  What of course she neglected to say was that the information was "unavailable," not because the state court lacked the ability to order its production, but because *she* failed to seek the information in the time set by that court for discovery.

At least one thing is clear from these filings.  Arrazola-Kinslow seeks to use this Court as an avenue to bypass a state court judge's ruling.  And she sought to do so without fully disclosing the circumstances under which she sought this subpoena.  This suggests a lack of candor to the Court.

Georgia Rule of Professional Conduct 3.3 states that a lawyer may not knowingly "make a false statement of material fact or law to a tribunal;" or "fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  Likewise, Rule 11 requires attorneys who file in this Court to certify that the motion "is not being presented for any improper purpose . . . ."  Fed. R. Civ. P. 11(b)(2).  That same rule allows the Court to sanction the "attorney, law firm, or party that violated the rule or is responsible for the violation," after appropriate notice and an opportunity to be heard.  Fed. R. Civ. P. 11(c)(1).  While defendant may not have made an affirmative misrepresentation to this Court, she certainly appears to have done so by omission.  Specifically, defendant's brief told the Court that the information she

sought was unavailable because a state court had ruled that it could not force plaintiff to provide the requested material (which may have been accurate), but failed to disclose that the information was also unavailable because defendant had failed to seek it within the discovery deadline.  In doing so—at least until the plaintiff responded—Arrazola-Kinslow led the Court to believe that this was simply a matter of an administrative lack of access, rather than the result of her failure to comply with her obligations under state court rules or orders.  Although the Court will not immediately initiate proceedings for sanctions or refer this matter for discipline, the omission may warrant further inquiry.

Moreover, (perhaps luckily for defendant and her counsel) it appears that this Court lacks jurisdiction to hear this case.  Principles of federalism, inherent to the Constitution's structure, prohibit this Court from sitting in review of state court proceedings.  First, the United States Supreme Court has instructed the district courts that a type of abstention may preclude just this type of case. *Younger v. Harris*, 401 U.S. 37 (1871) instructs district courts that abstention is proper if (1) there is "an ongoing state judicial proceeding" with which "the federal proceeding would interfere"; (2) the proceeding "implicate[s] important state interest"; and (3) "there [is] an adequate opportunity in the state proceedings to raise" the issues presented in the federal case.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *31 Foster*

*Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003).[3]  Here, all three of these prongs *appear* to be met.  First, there is a pending state court action, which has already ruled on whether defendant is entitled to the records she seeks.  Second a ruling by this Court would implicate the important state interest inherent in control over the cases before it and the finality of its rulings.  Finally, there is an adequate opportunity in the state court proceedings to raise the issues presented in this case; namely appealing whatever judgment is entered.  In fact, defendant appears to have already taken certain steps to preserve this right by requesting a certificate of immediate review.

Even if the Court concluded that *Younger* abstention did not apply in this case, the Court is wary of creating an opportunity to appeal a decision which would likely be barred by the *Rooker-Feldman* doctrine if the case were final. Generally speaking, that doctrine "provides that 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (*quoting Lance v. Dennis,* 546 U.S. 459, 463 (2006).  The Supreme Court of the United

---

[3] Generally, *Younger* abstention is applicable "when the federal proceeding will intrude on an ongoing state criminal proceeding, a civil enforcement proceeding akin to a criminal prosecution, or a civil proceeding involving an order that uniquely furthers the state's ability to perform judicial functions."  *Watson v. Florida Judicial Qualifications Com'n*, 618 F. App'x 487, 488 (11th Cir. 2015) (*citing Spring Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013)).

States has explained that the doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corporation v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005).  While *Rooker-Feldman* is not directly applicable here given the lack of finality (as far as the Court knows) in the underlying suit, defendant *is* asking this Court to practically overturn, if not review, a determination of the underlying state court proceeding that, had this case proceeded to judgment, would likely not be reviewable under *Rooker-Feldman.*

    In short, Arrazloa-Kinslow's request is troubling on several levels.  First, the Court expects that parties will be *completely* honest regarding their positions – good or bad.  The incomplete presentation of the state-court proceedings does not meet that expectation.  Second, albeit less clearly, Arrazola-Kisnlow's request seems to run afoul of important principles of federalism, if not the letter of the Supreme Court decisions implicating them.[4]

---

[4] The Court notes that the parties never directly addressed the authority of this Court to issue such a subpoena in light of the state court's factual determination of defendant's failure to comply with its procedural discovery rule.  Defendant only argues that the Court need not consider this detail because this Court has exclusive jurisdiction to grant the requested relief

Considering these circumstances, as well as the lack of detailed briefing by the parties on these issues, the Court should **DECLINE** to grant defendant's request for a subpoena and this case should be **DISMISSED**. If Arrazola-Kinslow, as is her right, desires to object to this Report and Recommendation, defendant should include in her objection a full and frank explanation for why she failed to include pertinent information regarding the underlying lawsuit in making her application to the Court as well as a detailed explanation for whether any abstention grounds prohibit this Court's review. If the Court determines that further review is appropriate it will also decide whether sanctions, or a recommendation for discipline, may be warranted.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

and because what is at issue is only whether the information would be relevant. Doc. 3 at 3. This analysis falls short of the mark.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 23rd day of October, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA